UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH JACKSON BAXTER,<br><br>                Plaintiff,<br><br>   v.<br><br>TOM CARTER, Twin Falls County Sheriff; TWIN FALLS COUNTY ADULT DETENTION FACILITY; and IVY MEDICAL,<br><br>                Defendants. | Case No. 1:20-cv-00342-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Joseph Jackson Baxter is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *Initial Review Order*, Dkt. 6.

Plaintiff has now filed a First Amended Complaint. *See* Dkt. 8. The Court previously severed the excessive force claims in the First Amended Complaint into a new action: *Baxter v. Buffalo*, Case No. 1:20-cv-00523-BLW. *See* Dkt. 9. Plaintiff's excessive force claims will be addressed in that case. The remaining claims asserted in the First Amended Complaint, which focus on Plaintiff's jail medical treatment, will be addressed in this action.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the First Amended Complaint, the Court enters the following order allowing Plaintiff to proceed on some of the medical treatment claims in the First Amended Complaint.

1.   **Screening Requirement**

As the Court explained in its Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

2.   **Legal Standards**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

**3.    Discussion**

Plaintiff is a convicted prisoner being held in the Twin Falls County Adult Detention Center. It appears that Defendant Ivy Medical is a private entity providing inmates with medical treatment under contract with Twin Falls County.

Before Plaintiff was taken into custody, he suffered a broken jaw that required surgery. *First Am. Compl.*, Dkt. 3, at 5. Plaintiff asserts that from August to November 2019, unidentified Ivy Medical staff did not provide him with adequate medical treatment for his broken jaw. Plaintiff was in serious pain and repeatedly sought medical treatment, including pain medication, but treatment was consistently delayed or denied. *Id.* at 5–11. Plaintiff did receive a second jaw surgery on November 6, 2019. *Id.* at 11.

Following that surgery, Plaintiff was waiting for medical to bring him an Ensure, given that he had been placed on a liquid diet. *Id*. Plaintiff asked an officer for food while

he waited, and the officer replied, "[I]f you wanted to eat you shouldn't have had surgery." *Id*. Plaintiff became angry and "had words with the officer." *Id*.

This event ended in an altercation during which Plaintiff was injured by jail deputies. *Id*. at 12–13. An unidentified Ivy Medical staff member initially told Plaintiff that he would not receive pain medication for the injuries. However, Plaintiff received pain medication, as well as food, the next day. *Id*. at 13.

Plaintiff asserts that Defendants Ivy Medical, Twin Falls County Adult Detention Center, and Twin Falls County Sheriff Tom Carter have violated his Eighth Amendment right to adequate medical treatment while incarcerated. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### A.    *Claims Against Ivy Medical*

Given Plaintiff's allegations that he repeatedly sought medical and dental care but that treatment was consistently delayed or denied, the First Amended Complaint raises a plausible inference that—in the period of August to November 2019—Ivy Medical had a policy or unofficial custom or practice that amounted to deliberate indifference to Plaintiff's constitutional rights. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978) (setting forth elements of § 1983 claim against a municipality); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a government function). Thus, Plaintiff will be allowed to proceed against Ivy Medical on his Eighth Amendment medical treatment claims.

### B. Claims Against the Twin Falls County Adult Detention Center and Sheriff Carter

The First Amended Complaint does not state a plausible § 1983 claim against the Twin Falls County Adult Detention Center. Plaintiff's allegations of inadequate medical treatment are, with one exception, offered against Ivy Medical staff, not against county staff. The exception—the allegation that a jail deputy refused to give Plaintiff his Ensure one day—does not plausibly suggest that Twin Falls County or the Twin Falls County Adult Detention Center had a policy or custom of denying or delaying medical food or dietary needs. *See Monell*, 436 U.S. at 694. As for Sheriff Carter, nothing in the First Amended Complaint suggests that Carter personally participated in the alleged constitutional violations or that there is a sufficient causal connection between Carter's conduct and the alleged violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

For these reasons, Plaintiff's claims against the county defendants will be dismissed as implausible.

### 4. Request for Appointment of Counsel

Plaintiff requests appointment of counsel. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's First Amended Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the First Amended Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

A federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr*., Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an

attorney to represent Plaintiffs pro bono."). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment—especially in prisoner cases, where contact with the client is particularly difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if at all possible.

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that Plaintiff's medical care claims against Ivy Medical are plausible and will not be summarily dismissed at this time, but should proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendant may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion, though motions to dismiss based on Rule 12(b)(6) are generally disfavored if filed after the issuance of a screening order under §§ 1915 and 1915A. Because (1) jail filings must be afforded a liberal construction, (2) jail officials often possess the evidence that inmates need to support their claims, and (3) many defenses are supported by incarceration records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting defenses such as non-exhaustion or entitlement to qualified immunity. In such

instances, the parties may be required to exchange limited information and documents directly relevant to the defense at issue.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED.

2. Plaintiff may proceed on his Eighth Amendment medical treatment claims against Defendant Ivy Medical. All other claims against all other Defendants are DISMISSED. Defendants Twin Falls County Adult Detention Center and Sheriff Carter are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to further amend the complaint to assert such claims.[1]

3. The Clerk of Court is directed to forward a copy of the First Amended Complaint (Dkt. 8), a summons, and a copy of this Order to the United States Marshals' Office, which is directed to serve Defendant Ivy Medical,

---

[1] Any second amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

    PLLC, at the following address: **<u>Commercial 0152741, Registered Agents, Inc., 784 Clearwater Loop, Ste. R, Post Falls, ID 83854</u>**.

4.  The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

5.  Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

6.  Dispositive motions must be filed no later than 300 days after entry of this Order.

7.  Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

8.  The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a

document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

9. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

10. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

11. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

12. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the

proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: January 6, 2021

B. Lynn Winmill
U.S. District Court Judge